# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**KYLE CORRIGAN,**

        **Plaintiff,**

    v.                                                                                       **Case No. 25-CV-1408**

**WADE WUDTKE, et al.,**

        **Defendants.**

## ORDER

Before the court is Kyle Corrigan's motion to strike the defendants' answer and for partial summary judgment. (ECF No. 22.) Corrigan asks the court to strike the defendants' "conclusory denials and unsupported affirmative defenses." (ECF No. 22 at 1.)

The defendants' answer is consistent with Fed. R. Civ. P. 8(b) and (c). At the pleading stage it is largely unnecessary to support statements with specific factual evidence. Moreover, Federal Rule of Civil Procedure 12(f) does not authorize a court to strike an answer in full. *United States v. Gorokhovsky*, No. 18-cv-590-pp, 2019 U.S. Dist. LEXIS 207836, at \*5, 124 A.F.T.R.2d (RIA) 2019-6910 (E.D. Wis. Dec. 3, 2019) (citing *AgStar Fin. Servs., PCA v. Union Go-Dairy, LLC*, No. 1:10-cv-00145-SEB-MJD, 2011 U.S. Dist. LEXIS 19729, at \*3 (S.D. Ind. Feb. 25, 2011)). Rather, under the Rule, the court is limited to striking material that is "redundant, immaterial,

impertinent, or scandalous" or a defense that is insufficient as a matter of law. Fed. R. Civ. P. 12(f). Corrigan has failed to satisfy this standard.

Insofar as the court possesses the inherent authority to strike an answer, this authority may be exercised only when it is necessary "to achieve the orderly and expeditious disposition of cases." *Gorokhovsky*, 2019 U.S. Dist. LEXIS 207836, at *5, (quoting *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962). Again, Corrigan has failed to meet this standard. Accordingly, Corrigan's motion to strike the defendants' answer (ECF No. 21) is **denied**.

Corrigan's motion for partial summary judgment (ECF No. 21) is also **denied**. Corrigan failed to comply with Civil Local Rule 56(b).

Finally, Corrigan asks for leave to be allowed to file electronically in this action. In accordance with Fed. R. Civ. P. 5(d)(3)(B)(i) and the Electronic Case Filing Policies and Procedures Manual, Section I.A.1, the motion (ECF No. 23) is **granted**. The court reminds Corrigan that he must now fully comply with all requirements, Rules, policies, and procedures associated with electronic filing. Noncompliance may result in consequences including the revocation of access to the CM/ECF system, adverse rulings, sanctions, or the dismissal of this action.

**SO ORDERED.**

Dated at Green Bay, Wisconsin this 21st day of October, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge
